**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BOBBY DWAYNE WILLIAMS, ADC #142732,
and JOHN GRIMES, ADC #113240                                                            PLAINTIFFS

v.                                              4:13CV00026-BSM-JTK

OFFICER DARROW, et al.,                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    Introduction**

Plaintiffs Williams and Grimes are state inmates confined at the Omega Center of the Arkansas Department of Correction (ADC). They filed this pro se 42 U.S.C. § 1983 action, claiming they were forced to wear other inmates' underwear and that inmates in their barracks have developed sores on their "private parts." (Doc. No. 2, p. 4; Doc. No. 7.)[1] By Order dated January 17, 2013 (Doc. No. 10), this Court granted Plaintiffs' Motions to Proceed in forma pauperis in this lawsuit. However, finding their complaints too vague and

---

[1] A third co-plaintiff, Ralph Weaver, was dismissed for failure to pay the filing fee or file a Motion to Proceed in forma pauperis (Doc. No. 11).

conclusory to enable the Court to determine whether they were frivolous, malicious, or failed to state a claim, the Court directed Plaintiffs to file an Amended Complaint. Id. Only Plaintiff Williams submitted an Amended Complaint (Doc. No. 12); all correspondence mailed to Plaintiff Grimes was returned as undeliverable (Doc. Nos. 13-15).

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32

(1992).

### III.     Facts and Analysis

Initially, the Court finds that Plaintiff Grimes should be dismissed from this action, for failure to file an Amended Complaint in accordance with the Court's March 4, 2013 Order.  Local Rule 5.5(c)(2) provides that a pro se plaintiff must promptly notify the Clerk of a change in his address and may be dismissed for failure to respond within thirty days to communications from the Court.

With respect to Plaintiff Williams' Amended Complaint, the Court finds that it should be dismissed for failure to state a claim upon which relief may be granted.   In the March 4, 2013 Order directing Plaintiffs to amend, the Court stated that the allegations failed to support a constitutional claim for relief, because Plaintiffs did not allege how they were affected or harmed by the alleged actions, and because they did not include any allegations against the two named Defendants (Doc. No. 10, p. 3). However, in his Amended Complaint (Doc. No. 12), Plaintiff Williams repeats the same allegations set forth in the Original Complaint, does not state that he was harmed in any way, and does not include any allegations against Defendants Darrow and Jones.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In order to support an Eighth Amendment claim for relief for unconstitutional conditions of confinement, Plaintiff first must allege that the conditions were

objectively, sufficiently serious, that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981). Second, Plaintiff also must allege that the Defendants acted with deliberate indifference (not negligence or inadvertence) to his need for health and safety. Farmer , 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303, 305-06 (1991).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008), quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4, quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). In Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995), the court held that plaintiff failed to support a constitutional claim for relief based on his placement in a strip cell without clothes, water, a mattress or blanket for two days, when he provided no evidence that he suffered any injury or adverse health consequences or that the Defendants knew of and disregarded an excessive risk to his health and safety.

As noted above, Plaintiff does not allege how he was personally harmed by wearing others' underwear, and he does not allege how either of the named Defendants acted to

5

violate his rights. Therefore, his allegations should be dismissed for failure to state a claim upon which relief may be granted.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff Grimes be DISMISSED from this action for failure to prosecute.

2.    Williams' Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

3.    This dismissal constitute a "strike" within the meaning of the PLRA.[2]

4.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 9th day of April, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.